**Maro STEPANYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70307.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 15, 2006.

---

Maro Stepanyan, Glendale, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Virginia Lum, Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Maro Stepanyan, a native of Iran and citizen of Armenia, petitions pro se for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision for substantial evidence. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the IJ's decision that petitioner failed to establish eligibility for asylum. Petitioner attended a religious meeting which was interrupted by police. Police arrested several men, but petitioner escaped and was never arrested or detained. Because petitioner was never arrested or harmed, and she practiced her religion after this experience for months without incident, she fails to establish eligibility for asylum. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003).

Because petitioner failed to demonstrate that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999).

Substantial evidence also supports the IJ's conclusion that petitioner failed to show that it was more likely than not that she will be tortured if returned to Armenia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**